**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| NADINE MENENDEZ, | |
| Plaintiff, | Civil Action No. 25-18179 (BRM) |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**THIS MATTER** comes before the Court upon Plaintiff Nadine Menendez's ("Plaintiff") Motion to Return Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g). [Docket No. 1.] The Government has not yet filed a formal response. Even so, the Government, via a September 26, 2025, email to Plaintiff's counsel, represents that the property in question does not fall within the scope of Rule 41(g), but rather qualifies as substitute assets subject to civil forfeiture, in accordance with the Southern District of New York's Order of Forfeiture entered following Plaintiff's criminal conviction. [Docket 1-9 at 2-3.] *See U.S. v. Menendez*, Docket No. 1:23-cr-00490 (S.D.N.Y. Sept. 21, 2023). Accordingly, the threshold issue before this Court is: should Plaintiff's motion proceed in this District?

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or "in which a substantial part of the events or omissions giving rise to

the claim occurred," 28 U.S.C. § 1391(b)(2).  A district court presiding over a case filed in an improper venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The Court, however, need not make a finding as to whether venue is improper. Rather, the Court, mindful of the relevant public and private interests at stake, will transfer this matter to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that: "in the interest of justice, a district may transfer any civil action to any other district or division where it might have been brought." "A determination that transfer to another jurisdiction is appropriate represents an 'exercise of . . . structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (quoting *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Liny v. E.I. Du Pont de Nemours & Co.*, 886 F.3d 628, 632 (3d Cir. 1989))).  Thus, the district court "is vested with a large discretion" to determine when transfer should be ordered "in the interest of justice," pursuant to Section 1404(a). *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973).

In deciding whether to transfer an action under Section 1404(a), courts in the Third Circuit consider both private and public interests, as delineated in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).  The private interest factors include:

2

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly to the extent that they could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted).

The Court has carefully considered these factors and finds that they strongly weigh in favor of transfer to the Southern District of New York. Even if Plaintiff's forum preference is New Jersey, this choice warrants less deference where the operative facts occurred outside this District. *See, e.g.*, *Acosta v. Costa*, 2024 WL 1117585, at *2 (D.N.J. Mar. 14, 2024); *Goldstein v. MGM Grand Hotel & Casino*, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015) ("the plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227–28 (D.N.J. 1996)).

It is indisputable that the criminal matter this motion arises out of was adjudicated in the Southern District of New York and the order of civil forfeiture was entered within the same district. [Docket No. 1.] Given this, all records pertaining to the matter should be located within that District. Further,

> [a civil] forfeiture action or proceeding may be brought in -
>
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or

(B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1355(b)(1). Accordingly, the Southern District of New York is a proper forum as it was the correct venue for the criminal proceeding. 21 U.S.C. § 881(j) (venue in forfeiture proceedings is proper in judicial district in which criminal prosecution was brought); *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1207 (9th Cir. 1996).

Additionally, the relevant public interest factors include:

1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80.  Overall consideration of these factors, too, weighs in favor of transfer.  To reiterate, this matter arises out of a criminal proceeding within the Southern District of New York and concerns property that may be subject to a civil forfeiture order entered by that District. [Docket No. 1]; *Menendez*, Docket No. 1:23-cr-00490. New York has a legitimate local interest in having all related issues decided within their Court.  Therefore, in the interests of judicial economy and efficiency and in fairness to all parties, this Court intends to exercise its discretion to transfer the matter to that District. 21 U.S.C. § 881(j); 28 U.S.C. § 1404(a).

**ACCORDINGLY, IT IS HEREBY**, on this **8th** day of **December 2025**,

4

5

**ORDERED** that the Court will enter an Order transferring this case to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a), absent any objection from Plaintiff's counsel within seven days.


s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge